# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| MAURICE LEE SOLEDAD,<br>    Plaintiff, | Case No. 1:18-cv-572 |
| vs | Black, J.<br>Bowman, M.J. |
| ATTORNEY GENERAL<br>MIKE DEWINE, et al.,<br>    Defendants. | **REPORT AND**<br>**RECOMMENDATION** |

On August 13, 2018, plaintiff initiated this prisoner civil rights action brought pursuant to 42 U.S.C. § 1983 by filing a motion for leave to proceed *in forma pauperis*. (*See* Doc. 1). However, because plaintiff failed to submit a certified copy of his trust fund account statement as required by the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)–(h), the undersigned issued a Deficiency Order requiring that plaintiff either pay the full filing fee or submit to the Court a certified copy of his prison trust fund account statement within thirty (30) days. (Doc. 2). Plaintiff was advised that "[i]f plaintiff fails to comply with this Order, the Court shall dismiss his case for want of prosecution." (*Id.* at PageID 39).

Plaintiff submitted a second motion for leave to proceed *in forma pauperis* on August 29, 2018. (Doc. 3). However, because plaintiff still failed to provide the Court with a certified copy of his trust fund account statement (or institutional equivalent) as required by the PLRA, the Court issued a second Deficiency Order on September 20, 2018, requiring that plaintiff pay the full filing fee or submit to the Court a certified copy of his prison trust fund account statement (or institutional equivalent) for the preceding six-month period within thirty (30) days. (Doc. 4). Plaintiff was again advised, that if he fails to comply with the Order, the Court shall dismiss his case for want of prosecution.

To date, more than thirty days after the Court's September 20, 2018 Order, plaintiff has failed to comply with the Order of the Court.

"District courts have the inherent power to sua sponte dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash* R.R., 370 U.S. 626, 630–631 (1962). *See also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Failure of a party to respond to an order of the court warrants invocation of the Court's inherent power. *See* Fed. R. Civ. P. 41(b). Accordingly, this case should be dismissed for plaintiff's failure to comply with the Court's August 16, 2018 and September 20, 2018 Orders. *In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

It is therefore **RECOMMENDED** that this matter be **DISMISSED** for lack of prosecution.

**IT IS SO RECOMMENDED.**

    *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MAURICE LEE SOLEDAD,
    Plaintiff,

vs

ATTORNEY GENERAL
MIKE DEWINE, et al.,
    Defendants.

Case No. 1:18-cv-572

Black, J.
Bowman, M.J.

# NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).